**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| AMERICA CAN! Cars for Kids, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> KARS-R-US.COM INC. and § <br> FIND THE CHILDREN, § <br> Defendants § <br> § | CIV. A. NO.: 3:17-cv-_____ |

**AMERICA CAN! v. KARS-R-US.COM INC. AND
FIND THE CHILDREN COMPLAINT**

America Can! Cars for Kids ("America Can!") files its claims against Defendants, KARS-R-US.COM INC. ("KARS-R-US") and Find the Children ("Find the Children", collectively, "Defendants"), and respectfully alleges as follows:

**NATURE OF ACTION**

1.  This is an action at law and in equity for trademark counterfeiting, trademark infringement, trademark dilution, and unfair competition arising from Defendants' unauthorized use of America Can!'s common law and federally-registered trademarks. America Can! is the exclusive owner of all the trademark rights in and to the America Can!'s trademarks (as referenced and outlined below and shown in Exhibit A).

2.  This is an action for trademark infringement pursuant to 15 U.S.C. § 1114, likelihood of confusion pursuant to 2(d) of the Lanham Act, 15 U.S.C. § 1052(d); unfair competition pursuant to 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and trademark dilution pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

3.  America Can! receives funds raised by collecting and reselling used automobiles and watercraft at auction. The "Cars for Kids™" and "Write off the Car, not the Kid®" trademarks are uniquely associated with the America Can! brand. America Can! is proven to be instrumental in

obtaining donations of automobiles and watercraft to create and support educational programs for at-risk youth. Accordingly, America Can! enjoys strong consumer loyalty, recognition, and goodwill in the donation and educational fields, and has become a household name throughout the United States.

4. America Can!'s claims in the present action arise from Defendants' unauthorized advertisement, promotion, and marketing phrases bearing the America Can! trademarks. Defendants advertise directly to the consuming public, and confuse the consumers as to the origin of the infringing phrases "Cars for Kids™" and "Write off the car, not the Kid®".

5. Defendants are not connected or affiliated with America Can! in any way, nor do they have permission from America Can! to use its trademarks, branding or any other intellectual property belonging to America Can!. Rather, Defendants are blatantly exploiting the America Can! trademarks and brand for their own commercial gain, intending to confuse and deceive the public by drawing on America Can!'s goodwill in the marketplace. By promoting the phrases "Cars for Kids™" and "Write off the Car, not the Kid®", Defendants intend to, are likely to, and do confuse and deceive consumers and the public regarding the source of Defendants' phrases "Cars for Kids™" and "Write off the Car, not the Kid®", all to the detriment of America Can!. This will adversely affect the goodwill that America Can! has worked hard to build and will cause irreparable harm and damage to America Cans!'s reputation for quality services.

6. Further, Defendants have been put on notice of their infringing activities in a cease and desist letter dated May 30, 2017, attached hereto as Exhibit B. Defendants acknowledged receipt of said letter in a letter dated August 9, 2017, and refused to cease their infringing activities. Defendants' response is attached hereto as Exhibit C

## THE PARTIES

7. America Can! Cars for Kids is a Texas not-for-profit corporation with offices at 325 W. 12th Street, Dallas, Texas 75208.

8. Upon information and belief, Kars-R-US is a professional fundraiser and the owner of the domain name "donatecarsforkids.net" under the laws of the State of California with an address at 3506 Monterosa, Altadena, California 91001.

9. Upon information and belief, Find the Children is a non-profit corporation organized under the laws of the State of California with an address at 2656 29th Street, Suite 203, Santa Monica, California, 90405.

## JURISDICTION AND VENUE

10. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b) insofar as this action involves: (1) claims arising under the laws of the United States, specifically the Lanham Act, 15 U.S.C. § 1114 *et seq.*; and (2) is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of attorney's fees, interest, and costs.

11. Defendants, Kars-R-US and Find The Children, are subject to personal jurisdiction in this Court because of their systematic and continuous contacts with the State of Texas, and all over the United States.[1] On information and belief, Kars-R-US and FTC are soliciting and receiving donations in this district and have directed wrongful conduct towards residents of Texas through use of the marks "Cars for Kids™" and "Write off the Car, not the Kid®" which infringes upon certain intellectual property rights of America Can! in its "Cars for Kids™" and "Write off the Car, not the Kid®" marks ("Marks").

12. On information and belief, Kars-R-US and Find The Children also maintain websites, which are accessible to everyone in Texas who owns a personal computer or otherwise has access to the Internet, at least located at http://www.donatecarsforkids.net and http://www.donation2charity.com/ which are currently advertising their infringing marks.

13. Venue is proper in this jurisdiction pursuant to, *inter alia,* 28 U.S.C. § 1391, because a

---

[1] *See* Exhibit C: "Find The Children's car donation program spans the entire United States".

substantial part of the events or omissions giving rise to the claims stated herein occurred in this district.

## FACTS

### (America Can!'s Charitable Activities and Marks)

14.     In the late 1980s, Dallas Can Academy was established as a program to serve juvenile offenders with remedial education, and was later expanded to serve high school dropouts and non-adjudicated youth.

15.     The organization's name was changed to Texans Can! Academies when new schools opened in other Texas cities.

16.     Texans Can! began a charity to devote significant efforts toward creating a program aimed at aiding underprivileged youth with educational programs through funds raised by collecting and reselling used automobiles and watercraft at auction.

17.     Beginning in 1989, Texans Can! took steps to promote its automobile and watercraft resale program and boost its charitable fund-raising activities through use of the assumed name Cars for Kids.  On August 11, 1989, Texans Can! filed for and obtained an Assumed Name Certificate in Texas for the name "Cars For Kids."  These assumed names accurately reflected Texans Can!'s program to provide funding for educational programs aimed at underprivileged children through the sale of used automobiles and watercrafts.

18.     Since at least 1989, Texans Can! has continuously and consistently used its *"Cars for Kids™" and "Write off the Car, not the Kid®"* Marks in interstate commerce and in connection with its charitable fundraising services.

19.     Since at least as early as 1992 America Can! was established as the funding arm for Texans Can! Academies.  America Can! is the only charity owned and operated car donation program that 100 percent of the net proceeds go directly to support the charity, which only goes to support Texans Can! Academies.  Additionally, America Can! filed for and obtained an Assumed Name Certificate in Texas for the name "Cars for Kids" on August 9, 2013.

4

20.     A true and correct copy of the registration for the above-listed trademark is attached hereto as Exhibit A.  The foregoing trademark registration is valid, subsisting, and in full force and effect.

21.     America Can! has expended significant resources toward extensive marketing and advertising efforts to promote its "Cars for Kids™" and "Write off the Car, not the Kid® " Marks and the underlying automobile and watercraft donation program including, but not limited to, print and broadcast advertising, billboards, door hangings, and other publicity methods.

22.     As a result, the *"Cars for Kids™" and "Write off the Car, not the Kid®"* Marks have received widespread recognition and value in the United States.

23.     Further, America Can! has acquired common law rights in the trademark in connection with its charitable activities and has developed exceedingly valuable goodwill with respect to the Marks.

24.     Although America Can!'s activities were initially concentrated in Texas, where the charity was founded, since its founding, America Can! has solicited and received donations in aid of its activities throughout the United States.

25.     America Can! uses the funds it receives through donations and through its auction of automobiles and watercraft to create and support educational programs for at risk youth at the high school level in order to help them obtain a high school diploma and to give them the tools to achieve economic independence.

26.     To date, America Can!'s programs have served over 50,000 students. As a result, America Can!'s programs have been the subject of national press coverage and recognized by Independent Charities of America as a "Best in America" charity and great nonprofits.org as a top-rated nonprofit for 2014.

27.     In order to protect its rights and to prevent others from using "Write off the car, not the kid®" without permission, America Can! Registered its Trademarks with the United States

Patent and Trademark Office.  **Write off the car, Not the kid**® U.S. Reg. No. 4451081 on the principal register.  America Can! has acquired common law rights in the trademark in connection with its phrase "Cars for Kids™".

**(KARS-R-US and FIND THE CHILDREN
Infringement of America Can!'s Mark)**

28.  America Can! learned that Kars-R-Us and Find The Children's website donatecarsforkids.net were using the phrases "Write off the car, not the kid®", and other confusingly similar phrases within the infringing domain website to attract consumers for their services.

29.  Based on the advertisement, it appears that Kars-R-US and Find The Children donation programs are similar, if not identical, to that which had been implemented by America Can! for more than a decade.  As a result, it appears as though America Can! and the Defendants operated in the same area of commerce, with full knowledge of America Can!'s Marks.

30.  On information and belief, in an effort to capitalize on consumer recognition and the goodwill associated with America Can!'s Marks, Kars-R-US and Find The Children purchased Yahoo! Advertisement and keywords that are likely to cause confusion among consumers searching for America Can! or the America Can! Marks.  For example, if a consumer searches for "Right off the Car, not the Kid" (a phrase that is identical in sound and almost identical in spelling to America Can!'s registered trademark) on Yahoo!, donateforkids.net's website appears as the fourth sponsored advertisement at the top of the results page under the heading "Donate the Car for Kids"



31.     On information and belief, in an effort to capitalize on consumer recognition and the goodwill associated with America Can! Marks, Kars-R-Us has purchased Google Advertisement and keywords that are likely to cause confusion among consumers searching for America Can! or the America Can! Marks.  For example, if a consumer searches for "Write off the Car, not the Kid" (the exact phrase that America Can! has registered as a federal trademark) on Google, donateforkids.net's website appears as the first sponsored advertisement at the top of the results page under the heading "Donate the Car for Kids".



32.     On information and belief, in an effort to capitalize on consumer recognition and the goodwill associated with the America Can! Marks, Defendants have purchased Google Advertisement and keywords that are likely to cause confusion among consumers searching for America Can! or the America Can! Marks.  For example, if a consumer searches for "Write off the Kar, not the Kid" on Google, donateforkids.net's website appears as the first sponsored advertisement at the top of the results page under the heading "Donate the Car for Kids"



33.     Despite its knowledge of America Can!'s preexisting rights in it's the Marks, and its knowledge that a "Cars for Kids™" and "Write off the Car, not the Kid® " Trademark would likely cause confusion, or cause mistake, or deceive consumers and potential donors, KARS-R-US used metatags in advertising basically identical to, but at least confusingly similar to, America Can!'s trademarks.

34.     America Can!'s foregoing registration is valid, subsisting, and in full force and effect.

35.     Through usage, the Trademark has acquired distinctiveness in the minds of ordinary consumers.  Ordinary consumers immediately began associating the Trademark with Plaintiff and the quality and character associated with Plaintiff.

36.     The Parties' use ostensibly the same advertising medium.  Through the emergence of social media platforms and online channels, the need for targeted advertising is increasing because companies aim to minimize wasted advertising by means of information technology, such as educational

conferences and sponsorship opportunities around the region, state and nation. Therefore, America Can! and Defendants make almost identical use of on-line media for marketing, and as discussed above. Defendants were well aware of America Can!'s trademarks.

37. In light of Defendants' target market being identical to that of America Can!, it is evident that Defendants intended to engage in the unlawful conduct. Defendants' infringement was neither accidental nor unintended. Confusion by the donating public is abound.

38. The similarity of design between the legitimate and the infringing marks is apparent. The infringing "Cars for Kids™" and "Write off the Car, Not the Kid®" metatags were used in advertising and are identical to America Can!'s marks.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement – 15. U.S.C. § 1114)

39. America Can! incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40. The America Can! Trademarks are nationally recognized, as being affixed to goods and services of the highest quality and originating with America Can!.

41. The registrations for the America Can! Trademarks are in full force and effect, and the America Can! Trademarks are entitled to protection under both federal law and common law.

42. Defendants' unauthorized use of the America Can! Trademarks in interstate commerce and advertising of products under the America Can! Trademarks constitutes false designation of origin and a false representation that the good and services manufactured, offered, sponsored, authorized, licensed by or otherwise connected with America Can! come from the same source as America Can! and are of the same quality as goods bearing the America Can! Trademarks.

43. Defendants' use of the America Can! Trademarks is without America Can!'s permission or authority and is in total and willful disregard of America Can!'s rights to control its Trademarks.

44. Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that America Can! has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of America Can!.

45. Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure America Can! and reap the benefit of America Cans!'s goodwill associated with the America Can! Trademarks.

46. As a direct and proximate result of Defendants' willful and unlawful conduct, America Can! has been damaged and will continue to suffer damage to its business and reputation unless Defendant is restrained by this Court from infringing the America Can! Trademarks.

47. Defendants' acts have damaged and will continue to damage America Can! and America Can! has no adequate remedy at law.

48. In light of the foregoing, America Can! is entitled to injunctive relief prohibiting Defendants from using the America Can! Trademarks or any marks identical or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that America Can! has sustained and will continue to sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a) attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (UNFAIR COMPETITION UNDER FEDERAL LAW (15 U.S.C. § 1125(a))

49. America Can! incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

50. Kars-R-Us and Find The Children's conduct constitutes unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Kars-R-Us and Find

The Children use of the phrases "Cars for Kids™" and "Write off the Car, not the Kid®" is likely to cause confusion, or mistake or to deceive as to the affiliation, connection, association, origin, sponsorship, or approval of Kars-R-Us and Find The Children services.

51. Kars-R-Us and Find The Children's conduct is, and has been, willful and deliberate.

52. Kars-R-Us and Find The Children's conduct has caused, and is causing, immediate and irreparable harm to America Can!. America Can! has no adequate remedy at law sufficient to fully remedy Kars-R-Us and Find The Children's conduct and unless Kars-R-Us and Find The Children are permanently enjoined, Kars-R-Us and Find The Children's conduct will continue to cause America Can! irreparable harm.

53. America Can! has been and will continue to be damaged by Kars-R-Us and Find The Children's conduct in an amount to be determined at trial.

54. In light of the foregoing, America Can! is entitled to injunctive relief prohibiting Defendants from using the America Can! Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorney's fees, that America Can! has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this actions.

## THIRD CLAIM FOR RELIEF

### (False Designations of Origin – 15 U.S.C. § 1125(a))

55. America Can! incorporates herein by reference the averments of the proceeding paragraphs as though set forth herein.

56. The America Can! Trademarks are nonfunctional, inherently distinctive, and have achieved a high degree of consumer recognition and serve to identify America Can! as the source of high-quality goods to which the America Can! Trademarks are well known and have gained fame across the country.

57. Defendants' promotion and advertising of the infringing trademarks is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products, and is intended, and is likely, to cause such parties to believe, in error, that the Defendants' infringing products have been authorized, sponsored, approved endorsed or licensed by America Can!, or that Defendants are in some way affiliated with America Can!.

58. Defendants' use of the America Can! Trademark is without America Can!'s permission or authority and is in total and willful disregard of America Can!'s rights to control the America Can! Trademarks.

59. Defendants' acts have damaged and will continue to damage America Can! and has no adequate remedy at law.

60. In light of the foregoing, America Can! is entitled to injunctive relief prohibiting Defendants from using the America Can! Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorney's fees, that America Can! has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this actions.

## FOURTH CLAIM FOR RELIEF

### (TRADEMARK DILUTION UNDER FEDERAL LAW (15 U.S.C. § 1125(c))

61. America Can! incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

62. America Can!'s Marks are inherently distinctive. By virtue of America Can!'s extensive nationwide advertising and promotion of the mark for more than two decades, the Marks have acquired distinctiveness in the marketplace and have become famous. The Marks designate the source of America

13

Can!'s services such that the Mark is uniquely associated with America Can! and widely recognized by the general consuming public.

63. Kars-R-Us and Find The Children's use of its alleged marks for its competitive fundraising services by means of collecting and reselling used automobiles, which began after America Cans!'s Mark became famous, has diluted, or is likely to dilute, and unless restrained will continue to dilute, the distinctive quality of the Mark by destroying the exclusive association between the Mark and America Can!'s services, or otherwise lessening the capacity of the Mark to exclusively identify America Can! and its services.

64. Kars-R-Us and Find The Children's conduct constitutes trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

65. Kars-R-Us and Find The Children's conduct is, and has been, willful and deliberate.

66. Kars-R-Us and Find The Children's conduct has caused, and is causing, immediate and irreparable harm to America Can!. America Can! has no adequate remedy at law sufficient to fully remedy Kars-R-Us and Find The Children's conduct and unless Kars-R-Us and Find The Children are permanently enjoined, Kars-R-Us and Find The Children's conduct will continue to cause America Can! irreparable harm.

67. America Can! has been, and will continue to be, damaged by Kars-R-Us and Find The Children's conduct in an amount to be determined at trial.

68. In light of the foregoing, America Can! is entitled to injunctive relief prohibiting Defendants from using the America Can! Trademarks, or any marks confusingly similar thereto, and to recover all damages, including attorney's fees, that America Can! has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this actions.

## FIFTH CLAIM FOR RELIEF

### (Texas Anti-Dilution Statute- Tex. Bus. & Com. § 16.103)

69. America Can! incorporates herein by reference by averments of the proceeding paragraphs as though fully set forth herein.

70. The America Can! Trademarks are claimed and explained as set forth above.

71. Due to America Can!'s extensive marketing and promotional activities of the America Can! Trademarks, the America Can! Trademarks have achieved widespread acceptance and recognition among the consuming public and the trade throughout the United States and abroad.

72. Through America Can!'s prominent, long, and continuous use in commerce, including commerce within Texas, the America Can! Trademarks have become and continue to be famous and distinctive.

73. America Can!'s arbitrary and distinctive Trademarks identify America Can! as the source or origin of the good on which they appear.

74. After the America Can! Trademarks became famous, Defendants, without authorization from America Can! began using marks that are confusingly similar to the America Can! Trademarks. Defendants' use of unauthorized reproductions of the America Can! Trademarks dilutes, or is likely to dilute the distinctive quality of those Marks and to lessen the capacity of such Marks to identify and distinguish America Can!. Defendants' unlawful use of the America Can! Trademarks in connection with their inferior products is also likely to tarnish the America Can! Trademarks and cause blurring in the minds of consumers between America Can! and Defendants, thereby lessening the value of the America Can! Trademarks as unique identifiers of America Can! products.

75.     By the acts described above, Defendants have caused and will continue to cause irreparable injury to America Can!'s goodwill and business reputation, in violation of the Texas Anti-Dilution Statute. Tex. Bus. & Com. Code § 16.103.

76.     The acts of Defendants alleged above were committed willfully, with full knowledge of America Can!'s rights and with the intention of deceiving and misleading the public and causing harm to America Can!.

77.     As a direct and proximate result of Defendants' unlawful acts, America Can! has suffered and will continue to suffer damages in an amount that is, not presently ascertainable, but will be established at trial.

78.     In light of the foregoing, America Can! is entitled to injunctive relief prohibiting Defendants from using the America Can! Trademarks, and to recover all damages, including attorneys' fees, that America Can! has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## SIXTH CLAIM FOR RELIEF
### (INJURY TO BUSINESS REPUTATION AND DILUTION)

79.     America Can! incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

80.     America Cans!'s Trademarks are famous and distinctive. By virtue of America Can!'s extensive advertising and promotion of the Marks for more than two decades, the Marks have acquired distinctiveness in the marketplace and have become famous as a designation of source of America Can!'s services such that the Marks are uniquely associated with America Can! and widely recognized by the general consuming public nationally and in Texas.

81. Kars-R-Us and Find The Children's use of its Marks for its competitive fundraising services by means of collecting and reselling used automobiles, which began after America Can!'s Mark became famous has diluted, or is likely to dilute, and unless restrained will continue to dilute, the distinctive quality of the Mark by destroying the exclusive association between the Mark and America Can!'s services, or otherwise lessening the capacity of the Mark to exclusively identify America Can! and its services.

82. Kars-R-Us and Find The Children's conduct constitutes trademark dilution under Texas Business and Commerce Code Section 16.103.

83. Kars-R-Us and Find The Children's conduct is, and has been, willful and deliberate.

84. Kars-R-Us and Find The Children's conduct has caused, and is causing, immediate and irreparable harm to America Can!. America Can! has no adequate remedy at law sufficient to fully remedy Kars-R-Us and Find The Children's conduct, and unless Kars-R-Us and Find The Children are permanently enjoined Kars-R-Us and Find The Children's conduct will continue to cause America Can! irreparable harm.

85. By its actions, Kars-R-Us and Find The Children have gained financial benefit for themselves and have caused financial loss and damages to America Can!

86. America Can! has been and will continue to be damaged by Kars-R-Us and Find The Children's conduct in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

87. America Can! incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

88. America Can! is the exclusive owner of the valid Marks in connection with arranging of automobile and watercraft auction sales and carrying out automobile and watercraft auction sales;

17

organizing and conducting charity auctions for charitable fundraising purposes, and charitable fundraising by means of collecting and reselling used automobile and watercraft.

89. Kars-R-Us and Find The Children's use of "Cars for Kids™" and "Write off the Car, not the Kid®" as Trademarks, in connection with their charitable fundraising services, without the authorization or consent of America Can!, is likely to cause confusion and mistake, and to deceive consumers as to the source, origin, sponsorship, or affiliation of Kars-R-Us and Find The Children's services and constitutes trademark infringement, unfair competition, dilution and misappropriation of America Can's! goodwill and reputation.

90. Kars-R-Us and Find The Children's conduct is, and has been, willful and deliberate.

91. Kars-R-Us and Find The Children's conduct causes immediate irreparable harm to America Can!. America Can! has no adequate remedy at law sufficient to fully remedy Kars-R-Us and Find The Children's conduct and, unless Kars-R-Us and Find The Children are enjoined, Kars-R-Us and Find The Children's conduct will continue to cause America Can! irreparable harm.

92. America Can! has been, and will continue to be, harmed by Kars-R-Us and Find The Children's infringement of the Mark in an amount subject to proof.

**PRAYER FOR RELIEF**

WHEREFORE, America Can! demands judgment against Kars-R-Us and Find The Children, as follows:

(A) that Kars-R-Us and Find the Children and its officers, directors, agents, servants, employees, licensees, and all other persons in privity or acting in concert with them be preliminarily and permanently enjoined and restrained from using the "Cars for Kids" designation or any term, mark, logo, trade name, Internet domain name, or any other source identifier or symbol of origin that is confusingly similar to the Mark or likely to dilute its distinctive quality;

(B) that Kars-R-Us and Find the Children provide an accounting of its profits, and any damages sustained by America Can! from the foregoing acts of trademark infringement, trademark dilution, and

unfair competition;

    (C) that Kars-R-Us and Find The Children pay an award of profits in accordance with such accounting and award a judgment for three times America Can!'s actual damages arising from Kars-R-Us and Find The Children's unlawful conduct pursuant to 15 U.S.C. § 1117;

    (D) that Kars-R-Us and Find The Children's conduct was willful and that this case is exceptional pursuant to 15 U.S.C. § 1117;

    (E) Order that America Can! recover its costs, including its reasonable attorney's fees and disbursements, in this action pursuant to 15 U.S.C. § 1117;

    (F) Order such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, America Can! hereby demands a trial by jury of all claims in this litigation.

Dated: October 26, 2017

Respectfully Submitted,

    DELEON LAW GROUP PC

    */s/ Ruben C. DeLeon*

    RUBEN C. DELEON
    STATE BAR NO. 00790577
    15851 DALLAS PARKWAY
    SUITE 600
    ADDISON, TEXAS 75001
    TELEPHONE: 214-561-8687
    FACSIMILE:  877-488-8983
    ATTORNEY FOR PLAINTIFF
    AMERICA CAN!